IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 3, 2004 Session

## JENNIFER LYNN WOLERY BRANHAM v. JEFFERY WAYNE BRANHAM

**Direct Appeal from the Chancery Court for Hamblen County**
**No. 2001-636     Hon. Thomas R. Frierson, II., Judge**

<u>**FILED APRIL 2, 2004**</u>

**No. E2003-01253-COA-R3-CV**

Mother petitioned the Court to relocate to Kentucky with the parties child, which the Trial Court granted.  On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J. delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Denise Terry Stapleton, Morristown, Tennessee, for Appellant.

Jack W. Bowers and Jama L. McMurray, Knoxville, Tennessee, for Appellee.

### OPINION

This action is post-divorce involving the custody of the parties' minor child and the mother's relocation to Middlesboro, Kentucky.  The parties were divorced on February 19, 2002, and their Marital Dissolution Agreement was incorporated into the Final Decree. The Parenting Plan provides for the care of Anna, born March 16, 1994, and states the mother will be responsible for Anna except for Friday at 5 p.m. to Sunday at 9 p.m. every other week, when she will be in the father's care. The plan also states that the father will have Anna every Wednesday from 3 p.m. until Thursday at 8 a.m., plus 10 additional hours per week as determined by the parents.  The parents also alternated holidays, school breaks, and birthdays with the child.  The mother was designated as caring for Anna during the summer, but the father was given two weeks out of every month during

the summer as well.

The plan further states that the mother and father will alternate transportation for weekend visits, and that the father will "provide transportation for weekdays to and from school during the school term." Under the heading "Long Distance Transportation Costs: [If Applicable]:", the plan states that mother will pay half and father will pay half. All decision-making with regard to the child was designated to be joint, and the father was designated to pay $200.00 per month in child support.

The parties also agreed that any disagreements regarding the plan would be submitted to a Rule 31 mediator.

On October 8, 2002, the father filed a Petition for Contempt and to Modify Shared Parenting Time, and stated that there had been a material change in circumstances since the divorce, and that he was concerned about the child's safety and well-being while with the mother due to the mother's boyfriend's behavior. The father asked that the Court find that a material change in circumstances had occurred which would warrant a change of primary residential parenting from mother to father.

The Trial Court then entered an Order to Mediate pursuant to Tenn. R. Sup. Ct. 31. The wife filed an Answer and Counter-Petition to Modify Shared Parenting Time, and admitted that a material change of circumstances had occurred since the divorce, but denied that the father should be designated primary residential parent. She admitted that she resided with Mr. Lawton, as he was her husband, and generally denied the father's allegations as to Lawton. She alleged that the change of circumstances had occurred when she married Mr. Lawton, and that Mr. Lawton had purchased a home in Kentucky. She further stated that she had advised the father that she wanted to move to Kentucky because that was where Lawton lived, and that is where her job was, and that she had mailed a certified letter to the father which contained her notice of intent to move. The father did not file a response to the notice within 30 days as required by Tenn. Code Ann. §36-6-108.

The mother proposed that the Parenting Plan be modified such that the father would receive parenting time every other weekend, and two weeks in June and July. She proposed that since she spent a greater amount of parenting time with the child, pursuant to Tenn. Code Ann. §36-6-108, she should be permitted to relocate to Kentucky with the child.

After other motions and responses were filed, the Court held a hearing in the case on March 10, 2003 at which the testimony of several witnesses were offered.

The Court entered Judgment on May 19, 2003 and found that the father's allegations regarding Mr. Lawton and his behavior were not proven, and that "the evidence does not preponderate in favor of a finding that Mr. Lawton's temper has effected a deleterious impact upon minor children residing in his home." The Court also found that Mr. Lawton's phone conversations with the father had not adversely impacted Anna, but he did direct that all future arrangements be

handled between mother and father without Mr. Lawton's participation. The Court concluded that neither parent had established a material change in circumstances which would warrant a modification in the primary residential status of the mother. However, the court said that "the manifest best interests of Anna Branham warranted an alteration in parenting schedules as defined by the Permanent Parenting Plan."

The Court then determined that the mother should be allowed to relocate to Kentucky with Anna, and ordered adjustments in the parenting times and schedules.

With regard to relocation ,the Court found that Tenn. Code Ann. §36-6-108 controlled, and that the father had failed to prove his allegation that the relocation posed a threat of specific and serious harm to the child.. The Court found that the relocation had a reasonable purpose and was not for a vindictive motive or intended to defeat or deter the visitation rights of the father.

The Trial Court held that Tenn. Code Ann.§36-6-108(d) was applicable which states in pertinent part:

> If the parents are not actually spending substantially equal intervals of time with the child and the parent spending the greater amount of time with the child proposes to relocate with the child . . .

The father insists that Tenn. Code Ann.§36-6-108(c) is applicable, because he argues the parents were "actually spending substantially equal intervals of time with the child". The undisputed proof shows that the child spent approximately 35% of the time with the father. Taking into account the disputed proof of visitation, for not being allowed to visit by the mother, as claimed by the father, the percentage of time with the father would be approximately 40%. In *Woolman v. Woolman*, 2001 WL 1660714 (Tenn. Ct. App. December 28, 2001), the Trial Court found that Section (c) applied because the parties in that case "shared joint legal and physical custody of the children, and they both testified that "they spent substantially equal amounts of time with the children". In *Monroe v. Robinson*, 2003 WL 132463 (Tenn. Ct. App. January 16, 2003), the Court held that where the marital dissolution agreement required the parents to share joint custody of the children, that the Court reasoned that a 57% time with one parent and 43% with the other under the joint custody agreement, was substantially equal. These cases are distinguishable from the case at bar. In this case, under the parenting plan, the mother is clearly awarded more time with the child and responsibilities for "the care" during that time. We conclude that the analysis and findings in *Cornell v. Cornell*, 2000 WL 122204 (Tenn. Ct. App. January 25, 2000), is applicable. In *Cornell*, Judge Susano explained:

> After the *Aaby* decision [924 S.W.2d 634 Tenn. 1996] the Legislature enacted Chapter 910 of the Public Acts of 1998, which was codified at T.C.A. §36-6-108. This statute provides, in pertinent part, as follows:
>
> (c) If the parents are actually spending substantially equal intervals of time

-3-

with the child and the relocating parent seeks to move with the child, the other parent may, within thirty (30) days of receipt of notice, file a petition in opposition to removal of the child. No presumption in favor of or against the request to relocate with the child shall arise. The court shall determine whether or not to permit relocation of the child based upon the best interests of the child.

. . .

(d) If the parents are not actually spending substantially equal intervals of time with the child and the parent spending the greater amount of time with the child proposes to relocate with the child, the other parent may, within the thirty (30) days of receipt of the notice, file a petition in opposition to removal of the child. The other parent may not attempt to relocate with the child unless expressly authorized to do so by the court pursuant to a change of custody or primary custodial responsibility. The parent spending the greater amount of time with the child shall be permitted to relocate with the child unless the court finds:

. . .

. . . The most significant change in the law of removal of children in a custody case is the introduction of the distinction between parents who spend "substantially equal intervals of time" with their children and those who do not. In cases of parents who spend substantially equal time with their children, a court simply applies the familiar best interest analysis to determine whether a parent may remove the child. If the time spent is not substantially equal, one of the following grounds must be established before a court engaged in a best interest analysis: (1) there is no reasonable purpose for the relocation; (2) the relocation poses a threat of specific, serious harm to the child; or (3) the parent's motive for the relocation is vindictive, as that concept is defined in the statute. If none of the grounds is found, the custodial parent is permitted to move with the children.

The trial court relied on the new statute and the Aaby case in determining that Mother should be permitted to relocate with the children. While Father does not dispute the applicability of the statute, he contends that the trial court erred in the critical threshold determination of what part of the statute applies to the facts of this case. Specifically, he argues that the trial court erred in finding that the time spent by the parties with the children was not substantially equal. Father asserts that his visitation with the children has consistently been more than 40% and that by the time of the hearing on Mother's motion for permission to move, he was with the children nearly 50% of the time. Mother disagrees with the father's calculations of his time spent with the children and asserts that Father never received any more visitation, in

gross, than that specified in the divorce judgment. If this be the case, it is obvious from the language of the divorce judgment that the time with the children is not substantially equal.

The *Connell* Court then held that the parents were not spending substantially equal intervals of time with the children.

We affirm the findings of the Trial Court that subsection (d) applies to this case, Tenn. R. App. P. 13(d). We likewise affirm the Trial Court's finding that none of the statutory factors were proven to deny the mother's relocation.

Both parents claim that material change in circumstances has occurred since the divorce. The Trial Court found that neither parent had shown a material change in circumstances, and that a change of custodial arrangement was not warranted. The evidence does not preponderate against this finding, Tenn. R. App. P. 13(d).

While the relocation is not a great distance from the father, the Trial Court modified visitation. The Trial Court allowed the father more parenting time in the summer to compensate for having less during the school year, but the mother argues this is unfair to her because it will only leave her one week during the summer with the child. At trial, she indicated this arrangement was satisfactory, and we find no basis to alter the Trial Court's visitation schedule.

For the foregoing reasons we affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Jeffery Wayne Branham.

_____

HERSCHEL PICKENS FRANKS, J.

-5-